IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 7, 2006

## STATE OF TENNESSEE v. JAMES DAVID CREASY

**Direct Appeal from the Circuit Court for Hardin County**
**No. 8368     C. Creed McGinley, Judge**

---

**No. W2005-00590-CCA-R3-CD  - Filed May 16, 2006**

---

The defendant, James David Creasy, was convicted of possession with intent to manufacture, deliver, or sell a schedule II drug (methamphetamine) and possession of drug paraphernalia. The trial court imposed an eight-year sentence for the possession of methamphetamine conviction and an eleven-month and twenty-nine day sentence for the possession of drug paraphernalia conviction. The Range II sentences were ordered to be served concurrently. In this appeal, the defendant asserts (1) that the evidence was insufficient to support the conviction for possession with intent to manufacture, deliver, or sell methamphetamine and (2) that the sentence is excessive. The judgments of the trial court are affirmed.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA McGEE OGLE, JJ., joined.

Guy T. Wilkinson, District Public Defender (on appeal), and Bob Gray, Selmer, Tennessee (at trial), for the appellant, James David Creasy.

Paul G. Summers, Attorney General & Reporter; Brian Clay Johnson, Assistant Attorney General; Robert "Gus" Radford, District Attorney General; and John W. Overton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 13, 2003, Keith Amos, a Hardin County Deputy, detected a vehicle traveling eighty-four miles per hour in a fifty-five miles per hour zone. The officer began to pursue the vehicle and the driver, Jessie A. Lambert, pulled into the parking lot of a bait shop, got out of the truck, and raised its hood. The defendant was a passenger in the Lambert vehicle. When the officer arrived, he ordered the driver back into his seat and called for back-up. Because he suspected the driver, who acted "a little nervous," of driving while under the influence, the officer asked for and received permission to search the vehicle. He found a handgun, a bag containing what appeared to

be a controlled substance, drug paraphernalia, scales, and clear plastic bags. Both the driver and the defendant were placed under arrest.

At trial, Keith Amos testified that the driver admitted having drunk two beers earlier in the day and acknowledged having ingested "a pill of some nature." The officer recalled that when he discovered the gun, the driver claimed ownership and insisted that the defendant did not have any knowledge of it. He testified that he found a syringe, a spoon, a straw, some Q-tips, and a clear bag with residue of a "crystal-like substance" inside a black case and a set of scales in a black bag. It was the officer's opinion that the straw, spoon, and syringe could be used to prepare methamphetamine for injection. He explained that smaller plastic bags found in the black bag were often used to package drugs and that the scales were typically used to weigh drugs for distribution. The officer recalled that two days after his arrest, the defendant claimed ownership of the "dope," which was in the black case, but denied that he was selling drugs or had any awareness of the gun.

By the time of trial, Officer Amos was unable to find the electronic scales and plastic bags he had confiscated from the vehicle. On cross-examination, he acknowledged that the defendant had no money, no books or ledgers, and no cell phone in his possession at the time of his arrest. The officer also acknowledged that neither the scales nor the plastic bags recovered at the scene were subjected to any testing to determine whether they contained drug residue. He also conceded that it was possible that the scales could have been used to weigh items other than drugs.

Michael Pope, an officer with the Savannah Police Department, testified that he provided assistance to Officer Amos during the traffic stop. He stated Officer Amos obtained consent to search the vehicle and did so in his presence. He recalled that Officer Amos found a gun and narcotics during the search and conducted field sobriety tests on the driver of the vehicle.

Tara Barker, a special agent forensic scientist with the Tennessee Bureau of Investigation (TBI) Crime Laboratory, tested the substance seized by Officer Amos during the search of the vehicle and identified it as .5 grams of methamphetamine.

The defense rested without introducing any evidence.

## I.

The defendant asserts that the evidence was insufficient to support the conviction for possession with intent to manufacture, deliver, or sell methamphetamine. He contends that because the state was unable to produce at trial the scales seized during the search and because no other items associated with those "in the drug business," such as money, a cell phone, and books or ledgers, were found, the evidence was insufficient to establish that he had any intent to manufacture, deliver, or sell.

On appeal, of course, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact. Byrge v.

State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992).

"It is an offense for a defendant to knowingly . . . [p]ossess a controlled substance with intent to manufacture, deliver or sell such controlled substance." Tenn. Code Ann. § 39-17-417(a)(4) (2003). "It may be inferred from the amount of a controlled substance . . . possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance . . . [was] possessed with the purpose of selling or otherwise dispensing." Id. § 39-17-419 (2003).

Here, there was testimony that Officer Amos seized .5 grams of methamphetamine, several small plastic bags, and scales. He explained that the bags were of the type used to package drugs and that "in drug situations," scales were typically used to weigh different amounts for distribution. The defendant admitted to the officer that he was in possession of the case and bag in which the methamphetamine, scales, clear plastic bags, and drug paraphernalia were found. Even though the state was unable to produce the small plastic bags and scales at the trial, the jury chose to accredit the testimony of the officers, which was its prerogative. The jury accepted the explanation for the missing items and inferred an intent to manufacture, deliver, or sell from the presence of the plastic bags and scales. See State v. Summerall, 926 S.W.2d 272, 275 (Tenn. Crim. App. 1995). Under these circumstances, it is our view that the evidence was sufficient.

## II.

At the conclusion of the sentencing hearing, the trial court determined (1) that the defendant had a previous history of criminal behavior and convictions in addition to those necessary to establish the appropriate range and (2) that the defendant had a previous history of unwillingness to comply with the conditions of probation. See Tenn. Code Ann. § 40-35-114(2), (9) (2003). The defendant asserts that his Range II, eight-year sentence is excessive. He argues that the trial court inappropriately enhanced his sentence. The state contends that the trial court properly enhanced the sentence because of the defendant's extensive criminal history and prior history of unwillingness to comply with the conditions of probation.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (2003). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission

Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210 (2003); State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

At the time of the offense, a Range II sentence for possession with intent to manufacture, deliver, or sell methamphetamine, a Class C felony,[1] was six to ten years. See Tenn. Code Ann. §§ 39-17-417(c)(2)(A), 40-35-112(b)(3) (2003). In calculating the sentence for a Class C felony conviction, the presumptive sentence is the minimum in the range if there are no enhancement or mitigating factors. Id. § 40-35-210(c). If there are enhancement but no mitigating factors, the trial court may set the sentence above the minimum, but still within the range. Id. § 40-35-210(d). A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Id. § 40-35-210(e). The sentence should then be reduced within the range by any weight assigned to the mitigating factors present. Id. The weight to be assigned to the appropriate enhancement and mitigating factors falls within the sound discretion of the trial court so long as that court complies with the purposes and principles of the 1989 Sentencing Act and its findings are supported by the record. State v. Boggs, 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996). If the trial court's findings of fact are adequately supported by the record, this court may not modify the sentence even if it would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In his brief, defense counsel candidly acknowledges that "there can be no denial that the defendant has a substantial prior record." The presentence report confirmed that the forty-year-old defendant had been previously convicted of assault, escape, failure to appear (two convictions), driving under the influence (DUI) (six convictions in addition to the felony DUI conviction used to establish the defendant's range), disorderly conduct, driving with a revoked license (eight convictions), and two traffic offenses. Under these circumstances, the record supports the trial court's determination that Tennessee Code Annotated 40-35-114(2) was entitled to substantial weight.

The presentence report also confirmed that a sentence of probation for the defendant had been revoked three years earlier. Thus, the second enhancement factor, the defendant's previous history of unwillingness to comply with the conditions of probation, was properly applied. See Tenn. Code

---

[1]Possession with intent to manufacture, distribute, or sell .5 grams or more of methamphetamine is a Class B felony under current law. See Tenn. Code Ann. § 39-17-417(c)(1) (2005). This crime, however, was committed in October of 2003.

-4-

Ann. § 40-35-114(9). There were no mitigating factors. In our view, the trial court acted within its authority by imposing the mid-range, eight-year sentence.

Accordingly, the judgments of the trial court are affirmed.

_____
GARY R. WADE, PRESIDING JUDGE